UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                          Chapter 13
                                                                                 Case No. 07-41612 NCD
Kelly A. Mitchell, a/k/a
Kelly A. Maijala,

        Debtor.

NOTICE OF HEARING AND
MOTION FOR RELIEF FROM STAY

1. TCF National Bank ("Movant"), a secured creditor of the Debtor herein, by its undersigned attorney, moves the Court for the relief requested below, and gives notice of hearing herewith.

2. The Court will hold a hearing on this motion at 2:30 o'clock p.m., on August 30, 2007, before the Honorable Nancy C. Dreher, in Courtroom No. 7 West, at United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, or as soon thereafter as counsel may be heard.

3. Any response to this motion must be filed and delivered not later than August 27, 2007, which is three days before the time set for the hearing (excluding Saturdays, Sundays and holidays), or filed and served by mail not later than August 21, 2007, which is seven days before the date set for the hearing (excluding Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This motion is filed pursuant to Bankruptcy Rule 4001 and Local Rules 9013-2 and 4001-1 and Movant requests relief from the automatic stay of 11 U.S.C. § 362(a) with respect

to certain property subject to Movant's valid interest.

5. This case was filed as a voluntary case under Chapter 13 of the United States Bankruptcy Code, and the case is now pending in this Court. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Rule 1070-1, Fed. R. Bankr. P. 5005 and applicable rules. This is a core proceeding.

6. By CommandCredit Plus® Mortgage dated April 25, 2005, in the original principal amount of $24,100.00 (the "Mortgage"), Movant acquired a mortgagee's interest in the following real property (the "Property"), to wit:

Lot 2, Block 1, Opsahl Addition, Hennepin County, Minnesota; and commonly known as 5757 Orchard Avenue North, Brooklyn Park, MN 55429.

7. The Mortgage was filed for record in the Office of the County Recorder for Hennepin County, Minnesota as Document No. 8596154. A copy of the Mortgage is attached hereto as Exhibit A.

8. The Plan requires payment of post-petition mortgage payments directly to Movant when due. There is a delinquency with respect to post-petition mortgage payments due for the months of June and July 2007 in a total amount of $422.19, plus interest and late charges. The outstanding balance due Movant under the terms of the note is $24,072.81.

9. The defaults under the terms of the Plan constitute cause, within the meaning of 11 U.S.C. § 362(d)(1), entitling Movant to relief from the automatic stay. Movant does not have, and has not been offered, adequate protection of its interest in the Property.

10. If testimony is necessary as to any facts relevant to this motion, Debbie Gilbertson of Movant, 801 Marquette Avenue, Minneapolis, Minnesota, will testify on behalf of Movant.

WHEREFORE, Movant respectfully moves the Court for an order modifying the automatic stay of 11 U.S.C. § 362(a) so as to permit Movant to foreclose its Mortgage on the Property, waiving Fed. R. Bankr. 4001(a)(3) to make the order effective immediately and for such other relief as may be just and equitable.

Dated: August 8, 2007

                                            FOLEY & MANSFIELD, P.L.L.P.

                                            By /s/ Thomas J. Lallier
                                                 Thomas J. Lallier (#163041)
                                           Attorneys for Movant
                                           250 Marquette Avenue, Suite 1200
                                           Minneapolis, MN 55401
                                           (612) 338-8788

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Kelly A. Mitchell, a/k/a
Kelly A. Maijala,

       Debtor.

Chapter 13
Case No. 07-41612 NCD

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR RELIEF FROM STAY

TCF National Bank (Movant"), submits this memorandum of law in support of its motion for relief from the stay in the above-entitled matter.

### FACTS

Movant holds a valid, duly-perfected mortgage on certain real property. On the date this case was filed a delinquency existed under the note secured by the mortgage. The Plan requires payment of post-petition mortgage payments directly to Movant when due. There is a delinquency in respect to post-petition mortgage payments.

### ARGUMENT

Under Section 362(d)(1) of the Bankruptcy Code, relief from the automatic stay shall be granted upon request of a creditor "for cause, including the lack of adequate protection of an interest in property of such [creditor]." 11 U.S.C. § 362(d)(1). A failure to make the payments required by the terms of the Plan has occurred. Such circumstances constitute cause, within the meaning of Section 362(d)(1), justifying relief from the stay. <u>First Federal Savings and Loan Association of Minneapolis v. Whitebread (In re Whitebread)</u>, 18 B.R. 192 (Bkrtcy. D. Minn. 1982). <u>In re Quinlan</u>, 12 B.R. 516 (Bkrtcy. W.D. Wis. 1981).

Accordingly, Movant is entitled to an order terminating the stay and authorizing it to

-1-

foreclose its mortgage on the property.

Dated: August 8, 2007

                                                    Respectfully submitted,

                                                   FOLEY & MANSFIELD, P.L.L.P.

                                                   By /s/ Thomas J. Lallier
                                                        Thomas J. Lallier (#163041)
                                                 Attorneys for Movant
                                                 250 Marquette Avenue, Suite 1200
                                                 Minneapolis, MN 55401
                                                 (612) 338-8788

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:  Chapter 13
 Case No. 07-41612 NCD
Kelly A. Mitchell, a/k/a
Kelly A. Maijala,

      Debtor.

VERIFICATION

I, Debbie Gilbertson, for TCF National Bank, declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on: August 8th, 2007.  Signed: *Debbie Gilbertson*
                                                               Debbie Gilbertson



Doc No 8596154 06/09/2005 02:30 PM
Certified filed and or recorded on above date:
Office of the County Recorder
Hennepin County, Minnesota
Michael H. Cunniff, County Recorder
Deputy 9                    TransID 119241
Fees
$5.00 ConsFee
$15.00 DOC
$4.50 SUR
$24.50 Total

After recording, please return to:
TCF National Bank
Attn: Lien Perfections 002-01-P
101 E 5th Street, Suite 101
St. Paul, MN 55101

# COMMANDCREDIT PLUS® MORTGAGE

GAC ⓟ 1762928

**TCF NATIONAL BANK**                                Account Number: 099-012
**MINNESOTA CONSUMER LENDING DEPARTMENT**

**THIS MORTGAGE ("Mortgage") SECURES A REVOLVING LINE OF CREDIT UNDER WHICH ADVANCES, PAYMENTS, AND READVANCES MAY BE MADE FROM TIME TO TIME. NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THE MAXIMUM PRINCIPAL INDEBTEDNESS SECURED BY THIS MORTGAGE AT ANY ONE TIME IS**
TWENTY FOUR THOUSAND ONE HUNDRED DOLLARS AND 00 CENTS
Dollars ($24,100.00). This Mortgage is made this __25th__ day of __April, 2005__, by
KELLY A MAIJALA
Unmarried                                                  whose address is
5757 ORCHARD AVENUE N BROOKLYN PARK MN 55444
(the "Borrower"), who grants, conveys, mortgages and warrants to TCF National Bank, a national banking association, 801 Marquette Avenue, Minneapolis, Minnesota 55402 (the "Lender"), land and property in __Hennepin__ County, Minnesota, described as:   Henn Co   MRT
                                                                              SLY    # 169037
                                                                              5/23/2005
                                                                              - Paid   $57.84

SEE ATTACHED
street address: 5757 ORCHARD AVENUE N BROOKLYN PARK MN 55444
property identification no. 0411821410131
together with all buildings, improvements, and fixtures on the property, whether now on the property or added in the future, and all easements and other rights that pertain to the property (collectively the "Property"). This Mortgage secures performance and payment under the terms of the CommandCredit Plus Home Equity Line of Credit Agreement and Disclosure Statement dated the same date as the Mortgage, subject to any amendment as permitted by its terms ("Agreement"). In addition to the indebtedness due under the Agreement, this Mortgage secures Protective Advances which may be in excess of the maximum principal amount stated above, with interest thereon and any other charges owing under the Agreement (collectively "Debt") and the performance of all covenants and agreements of the Borrower contained herein. "Protective Advance" is defined as a payment made by Lender for performance of covenants of Borrower pertaining to insuring or preserving the Property upon Borrower's failure to perform. The interest rate under the Borrower's Agreement is variable and can change daily, as described in the Agreement. The full Debt, if not paid earlier, is due and payable on 04/25/2045.

Borrower promises and agrees:
1. To keep the Property in good repair, and to also comply with all laws and ordinances, which affect the Property.
2. To pay all taxes, assessments, and water bills levied on the Property and any other amounts which could become a senior Security Interest against the Property. "Security Interest" includes any lien, mortgage or other encumbrance.
3. To perform all obligations under any Security Interest on the Property. As of the date hereof, there exists no other Security Interest on the Property, other than as disclosed to Lender on the title insurance commitment or property report or other title evidence obtained by Lender prior to accepting this Mortgage, or on Borrower's loan application.
4. To keep the Property insured against fire, windstorm, flood, and such other hazards as Lender may require, in an amount and manner acceptable to Lender, and with the proceeds made payable in the policies to Lender as mortgagee, and to deliver such proof of insurance as Lender may require. Borrower may obtain insurance from the insurance company of Borrower's choice as long as the insurance company is reasonably acceptable to Lender. Lender will apply any insurance proceeds to pay the Debt, unless Lender agrees in writing that the proceeds can be used differently. If Lender uses the proceeds to reduce the Debt, Borrower will still have to make regular monthly payments until the Debt is satisfied. If Borrower fails to keep the Property insured, Lender may, but is not required to, obtain such insurance to protect Lender's interest. Such insurance obtained by Lender may not protect Borrower's equity interest in the Property. Lender is not required to obtain the lowest cost insurance that might be available.
5. That if all or part of the Property is condemned or taken by eminent domain, Borrower directs the party condemning or taking the Property to pay all of the money to Lender. Lender will apply the money to pay the Debt, unless Lender agrees in writing that the money can be used differently. If Lender uses the money to reduce the Debt, Borrower will still have to make regular monthly payments until the Debt is satisfied.

099066            page 1 of 3      5/03



EXHIBIT A

6. That if Borrower fails to pay or perform any of Borrower's obligations under this Mortgage, Lender may pay or perform such obligations. Any amount so paid, and the cost of any title search and report made after any Default, may be added to the Debt as a Protective Advance.
7. That the term "Default" means (a) Borrower's failure to comply with the terms of this Mortgage such that Lender may take action as stated in the Possible Actions section of the Agreement; or (b) Borrower's failure to comply with the terms of the Agreement such that Lender may terminate the Account as stated in the Agreement; or (c) Borrower's failure to comply with the terms of any Security Interest having priority over this Mortgage such that Lender may take action as stated in the Possible Actions section of the Agreement.

The term "Lender" includes Lender's successors and assigns, and the term "Borrower" includes and binds the heirs, personal and legal representatives, successors, and assigns of the undersigned. If this Mortgage is signed by two or more persons, the obligations and Security Interest granted by this Mortgage shall be cumulative and in addition to any other remedies provided by law. Each person that signs this Mortgage is responsible for keeping all of the promises made by Borrower. Lender may choose to enforce its rights against any person signing this Mortgage or against all of them. However, if someone signed this Mortgage, but signed the Agreement as collateral owner only, then that person will not be required to pay any amount under the Agreement, but will have signed only to grant, convey, mortgage and warrant any rights that person has in the Property. Also, Borrower may agree to extend, modify, forbear, or make any accommodations with regard to the Agreement or Mortgage without such collateral owner's consent.

8. That Lender shall have a power of sale. This means that if the Borrower is in Default, Lender is authorized and empowered to require immediate repayment of the Debt (called "acceleration"). The Lender may (and is hereby authorized and empowered to) foreclose this Mortgage by action or advertisement, pursuant to the Statutes of the State of Minnesota in such case made and provided, power being expressly granted to sell the Property at public auction and convey the same to the purchaser in fee simple and, out of the proceeds arising from such sale, to pay the Debt with interest, and all legal costs and charges of such foreclosure and the maximum attorneys' fees permitted by law, which costs, charges, and fees the Borrower agrees to pay. However, before accelerating, Lender will send Borrower a written notice by certified mail which states:
   a. The promise that Borrower failed to keep or the representation or warranty that Borrower breached;
   b. The action Borrower must take to correct that failure;
   c. The date, at least 30 days away, by which the failure must be corrected;
   d. That if Borrower doesn't correct the failure or the representation or warranty that Borrower breached, Lender will accelerate, and if Borrower doesn't pay, Lender or another person may buy the Property at a foreclosure sale;
   e. That Minnesota law allows Borrower to reinstate the Mortgage after acceleration; and
   f. That Borrower may bring suit in court to argue that all promises were kept and to present any other defenses Borrower has to acceleration.

We will send this notice and any other notice required by the Mortgage or law to your address on file with us unless the law requires a different address.
Lender need not send the notice if the promise Borrower failed to keep consists of Borrower's sale or transfer of all or a part of the Property or any rights in the Property without Lender's written consent. If Borrower does not correct the failure by the date stated in the notice, Lender may accelerate. If Lender accelerates, Lender may foreclose this Mortgage according to the Minnesota Statutes. Borrower gives Lender a power to sell the Property at a public auction. Borrower also agrees to pay Lender's attorneys' fees for the foreclosure in the maximum amount allowed by law. Lender may retain from the proceeds of the sale the amount of the Debt outstanding, the costs and charges of such sale, and reasonable attorneys' fees provided by Minnesota Statutes, and then render the surplus monies, if any, as required by law. In the event of any foreclosure or other sale under this Mortgage by virtue of judicial proceedings, advertisement, or otherwise, the Property may be sold in one parcel and as an entirety, or in such parcels, manner, or order as Lender in its sole discretion may elect.

9. That Borrower shall not assign or transfer the Property or any beneficial interest in the Property by deed, bond for deed, contract for deed, installment sales contract, escrow agreement, or other instruments, or in any manner whatsoever, without Lender's prior written consent. Lender's written consent is not required in the following circumstances:
   (a) the creation of a lien or other encumbrance subordinate to Lender's Security Interest which does not relate to a transfer of rights of occupancy in the Property (provided that such lien or encumbrance is not created pursuant to a contract for deed);
   (b) the creation of a purchase-money Security Interest for household appliances;
   (c) a transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety;
   (d) the granting of a leasehold interest which has a term of three years or less and which does not contain an option to purchase (that is, either a lease of more than three years or a lease with an option to purchase violates this provision);
   (e) a transfer, in which the transferee is a person who occupies or will occupy the property, which is:
      (i) a transfer to a relative resulting from the death of Borrower;
      (ii) a transfer where the spouse or child(ren) becomes an owner of the Property; or
      (iii) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement by which the spouse becomes an owner of the Property; or
   (f) a transfer into an inter vivos trust in which Borrower is and remains the beneficiary and occupant of the Property, unless, as a condition precedent to such transfer, Borrower refuses to provide Lender with reasonable means acceptable to Lender by which Lender will be assured of timely notice of any subsequent transfer of the beneficial interest or change in occupancy.

10. That Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

11. That if the loan secured by this Mortgage is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charge collected or to be collected in connection with the loan exceeds the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the outstanding Debt or by making a direct payment to Borrower.
12. That this Mortgage, and any actions arising out of this Mortgage, are governed by Minnesota law to the extent not preempted by federal law. If any provision of this Mortgage is found to be unenforceable, all other provisions will remain in full force and effect. Lender's failure to exercise any right or remedy under this Mortgage will not waive Lender's rights in the future.
13. That Borrower gives up the homestead exemption right for all claims arising out of this Mortgage. This includes Borrower's right to demand that property other than Borrower's homestead that has been mortgaged to Lender be foreclosed before the homestead is foreclosed. Under the homestead exemption law, Borrower's homestead is usually free from the claims of creditors.

Riders. The following Riders are to be executed by the Borrower:
☐ Condominium Rider     ☐ Planned Unit Development Rider

Borrower shall be given one conformed copy of the Agreement and this Mortgage.
BY SIGNING BELOW, BORROWER HAS SIGNED AND DELIVERED THIS MORTGAGE AS OF THE DATE FIRST WRITTEN ABOVE.

Borrower:

_Kelly A Maijala_
(signature)                                              (signature)

KELLY A MAIJALA
_____                                _____
(type or very clearly print name)                        (type or very clearly print name)

STATE OF MINNESOTA       )
                         ) ss.
COUNTY OF  Hennepin      )

The above instrument was acknowledged before me this __25th__ day of __April, 2005__, by
KELLY A MAIJALA
Unmarried

                                                         _____
                                                         NOTARY PUBLIC
                                                         County, Ramsey
                                                         My commission expires: 01-31-2005

This instrument was drafted by:
TCF National Bank
Consumer Lending Department
801 Marquette Avenue
Minneapolis, MN 55402



SCHEDULE "A"

70-01702929

LOT 2, BLOCK 1, OPSAHL ADDITION

ABSTRACT PROPERTY

TAX ID NO. 04-118-21-41-0131

## Unsworn Affidavit of Service

STATE OF MINNESOTA  )
                    ) ss.
COUNTY OF HENNEPIN  )

      I, Jacquelyn J. LaVaque, declare under penalty of perjury that on August 8, 2007, I mailed copies of the attached **Notice of Hearing and Motion for Relief From Stay, Memorandum of Law in Support of Motion, and proposed Order** by first class mail, postage prepaid, to each entity named below at the address stated below for each entity:

| | |
|---|---|
| Kelly Ann Mitchell<br>5757 Orchard Avenue North<br>Crystal, MN 55429 | Steven M. Gale, Esq.<br>Stuart E. Gale Law Office<br>9301 Bryant Ave S., Suite 101<br>Bloomington, MN 55420 |
| Jasmine Z. Keller<br>Chapter 13 Trustee<br>12 South Sixth St. #310<br>Minneapolis, MN 55402 | U.S. Trustee<br>1015 United States Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415 |
| Stephen J. Moriarty, Esq.<br>Andrews Davis, P.C.<br>100 North Broadway Avenue, Suite 3300<br>Oklahoma City, OK 73102 | |

Executed on: August 8, 2007

Signed: _____
Jacquelyn J. LaVaque
Foley & Mansfield, P.L.L.P.
250 Marquette Avenue, Suite 1200
Minneapolis, MN 55401

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                          Chapter 13
                                                                                          Case No. 07-41612 NCD
Kelly A. Mitchell, a/k/a
Kelly A. Maijala,

      Debtor.

ORDER GRANTING
RELIEF FROM STAY

The above-entitled matter came before the Court on the motion of TCF National Bank ("Movant") seeking relief from the automatic stay of 11 U.S.C. § 362(a) of the Bankruptcy Code. Appearances were noted in the court's record. The Standing Chapter 13 Trustee submitted a report and recommendation in response to the motion. Based upon the proceedings had on said date, the statements of counsel, and all of the files and records herein, the Court now finds that cause exists entitling Movant to the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED that the automatic stay of 11 U.S.C. § 362(a) of the Bankruptcy Code is immediately terminated as to Movant, and Movant is authorized to foreclose its mortgage on the following real property:

Lot 2, Block 1, Opsahl Addition, Hennepin County, Minnesota; and commonly known as 5757 Orchard Avenue North, Brooklyn Park, MN 55429.

Notwithstanding Fed. R. Bankr. 4001(a)(3), this order is effective immediately.

Dated: _____.

                                                                                                  _____
                                                                                                   Nancy C. Dreher
                                                                                                   United States Bankruptcy Judge